```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

TIMOTHY LARA and DARYL DEAN    )   CIVIL NO. 08-00560 LEK-RLP
DAVIS,                         )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
RENAISSANCE HOTEL OPERATING    )
COMPANY,                       )
                               )
          Defendant.           )
_____  )
```

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND GRANTING PLAINTIFF'S MOTION
<u>FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

On October 3, 2011, Plaintiffs Timothy Lara and Daryl Dean Davis ("Plaintiffs"), on behalf of themselves and all others similarly situated (all collectively "the Class"), filed the instant Motion for Final Approval of Class Action Settlement ("Motion"). [Dkt. no. 83.] On October 17, 2011, Defendant Renaissance Hotel Operating Co., doing business as Renaissance Wailea Beach Resort ("Defendant"), filed a statement of no opposition to the Motion. [Dkt. no. 85.] Plaintiffs filed two supplemental statements in support of the Motion, one on October 24, 2011 ("10/24/11 Supplement"), and one on October 31, 2011 ("10/31/11 Supplement"). [Dkt. nos. 87, 88.]

On November 7, 2011, this matter came before the Court

for a final fairness hearing for the proposed settlement[1] and a hearing on Plaintiffs' Motion. [Minutes (dkt. no. 91).] Lori Aquino, Esq., appeared on behalf of Plaintiffs, and Shannon Liss-Riordan also appeared by telephone on behalf of Plaintiffs. Richard Rand, Esq., appeared on behalf of Defendant. For the reasons set forth below, and after due consideration of the evidence and arguments presented by the parties and the record in this case, the Court CONCLUDES that good cause exists to GRANT final approval of the settlement agreement in this action pursuant to Federal Rules of Civil Procedure Rule 23(e) and to GRANT Plaintiff's Motion.

## BACKGROUND

This action is one of seven similar cases that Plaintiffs' counsel initiated from November 2008 to January 2009 relating to the distribution of hotel services charges pursuant to Haw. Rev. Stat. § 481B-14. Plaintiffs allege that Defendant imposed service charges in its resort that were subject to § 481B-14 and that Defendant used a portion of the service charges "to pay for costs or expenses other than wages and tips of employees." See id. Defendant, however, allegedly did not clearly disclose its practice to its customers. Plaintiffs

---

[1] This Court issued its Order: (1) Preliminarily Approving Class Action Settlement Agreement, (2) Approving Form of Notice, (3) Establishing Objection Deadline, (4) Directing Dissemination of Notice, and (5) Scheduling "Final Fairness Hearing" on August 16, 2011 ("Preliminary Approval Order"). [Dkt. no. 82.]

allege that Defendant's failure to make clear disclosures required Defendant to distribute all of the service charges directly to its food and beverage service employees as tip income, but Defendant failed to do so.  Plaintiffs contend that this failure constitutes: violations of Haw. Rev. Stat. §§ 481B-14, 481B-4, and 480-2; intentional interference with contractual and/or advantageous relations; breach of implied contract; unjust enrichment; and violations of Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11.  The Amended Class Action Complaint ("Amended Complaint"), [filed 6/28/10 (dkt. no. 57),] seeks: certification of the class action; damages compensating the Class for the lost income from the service charges they were entitled to; treble damages and liquidated damages; attorneys' fees; interest; and any other relief that they are entitled to receive.

**PROPOSED SETTLEMENT**

On August 12, 2011, the parties filed their Stipulation Regarding Entry of Order: (1) Preliminarily Approving Class Action Settlement Agreement, (2) Approving Form of Notice, (3) Establishing Objection Deadline, (4) Directing Dissemination of Notice, and (5) Scheduling "Final Fairness Hearing" ("Preliminary Approval Stipulation").  [Dkt. no. 80.]  The parties' Settlement Agreement and Release Agreement ("Settlement Agreement") is attached to the Preliminary Approval Stipulation as Exhibit 1.  The parties agreed to the following definition of the settlement

3

class: "All individuals who worked as banquet or room service food and beverage service employees at the Renaissance Wailea Beach Resort between December 10, 2004, and the hotel's closing on September 6, 2007." [Settlement Agreement at 2.]

The key terms of the settlement are as follows:

- Defendant agrees to pay $90,000.00 as the total settlement amount;
- Plaintiffs agree that Class counsel will petition the Court for an award of attorneys' fees and costs of no more than $30,000.00 to be paid from the total settlement amount; and
- the two Plaintiffs would request incentive payments of $5,000.00 each to be paid from the total settlement amount.

[Id. at 3-4.]

**PRELIMINARY APPROVAL OF THE SETTLEMENT
AND NOTICE OF THE SETTLEMENT TO THE CLASS**

This Court granted preliminary approval of the settlement, finding that it was "sufficiently fair and reasonable to warrant providing notice to the Class of its terms" as required by Fed. R. Civ. P. Rule 23(e). [Prelim. Approval Order at 3.] The Court scheduled the final fairness hearing for November 7, 2011.

The Motion states that eighteen out of sixty-one Class members returned claim forms. No Class member filed an objection, and no Class member opted out. [Motion at 3.] Eight notices and claim forms were returned to Plaintiffs' counsel as undeliverable, and counsel obtained updated addresses and reissued the notices and claim forms for seven of those individuals. [Id. at 5.]

The Motion also states that Defendant was working to provide Plaintiffs' counsel with the records necessary to determine the service charge earnings during the period in question. The Class members' respective settlement distributions will be determined, as set forth in the Settlement Agreement, based on these records. Each Class member will receive a distribution in proportion to the number of hours that he or she worked as banquet or room service employees during the period in question. [Id. at 5-6.]

By the date of the 10/24/11 Supplement, forty-three Class members submitted claims "accounting for approximately 90% of the class settlement funds." [10/24/11 Supplement at 3.] The 10/24/11 Supplement also states that no Class member filed an objection, and no Class member opted out. [Id.] Attached to the 10/24/11 Supplement as Exhibit 1 is a spreadsheet showing the estimated distribution of the Class members' portion of the settlement amount. Based on those estimates, "just over $45,000 has been claimed out of a $50,000 class settlement fund (assuming court approval of the attorneys' fees and lead plaintiff incentive payments requested in Plaintiffs' motion), which accounts for 90% of the class settlement fund." [Id. at 4.]

At the hearing on the Motion, Plaintiffs' counsel represented that, since the filing of the 10/24/11 Supplement, they may have received one or two more claims. Plaintiffs'

counsel noted that there was still additional time for Class members to submit claims and be included in the distribution. Plaintiffs' counsel did not report receiving any objections or any opt out notices since the filing of the 10/24/11 Supplement.

The Court therefore FINDS that, as required by Federal Rules of Civil Procedure Rule 23(e)(1), notice of the settlement was directed in a reasonable manner to all Class members who would be bound by the settlement.

## REQUEST FOR ATTORNEYS' FEES AND COSTS

Insofar as the parties have allocated a portion of the settlement amount for Plaintiffs' attorneys' fees and expenses, this Court must examine the reasonableness of the award before it can grant final approval of the settlement.

### I. Entitlement to Attorneys' Fees and Expenses

The Settlement Agreement between Plaintiffs and Defendant provides that a portion of the settlement amount be allocated for an award of Plaintiffs' attorneys' fees and expenses. Plaintiffs also rely upon the "common fund" doctrine. [Motion at 14-19.] Further, they contend that the award is reasonable based on a lodestar cross-check. [Id. at 19-26.]

At the outset, the Court notes that the "common fund" doctrine does not apply because the parties did not follow regular common fund procedure in this case. See Staton v. Boeing Co., 327 F.3d 938, 969 (9th Cir. 2003) (citations omitted)

("Under regular common fund procedure, the parties settle for the total amount of the common fund and shift the fund to the court's supervision. The plaintiffs' lawyers then apply to the court for a fee award from the fund.").

Federal Rule of Civil Procedure 23(h), however, states: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Thus, pursuant to Rule 23(h), the parties' Settlement Agreement alone is a sufficient basis for an award of reasonable attorneys' fees to Plaintiffs. The Court, however, emphasizes that it has only relied upon the parties' agreement as the basis for the entitlement to award; the Court has not relied upon the parties' representation that the requested award is reasonable. The Court will independently review the requested award for reasonableness.

## II. Amount of the Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an

evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be

8

adjusted in rare and exceptional cases).

Although Plaintiffs do not request a lodestar award of attorneys' fees in this case, this Court uses the fees that it could have awarded Plaintiffs under the lodestar analysis as a gauge of the reasonableness of the attorneys' fees provided for in the Settlement Agreement.  See, e.g., Almodova v. City & Cnty. of Honolulu, Civil No. 07-00378 LEK-RLP, 2011 WL 4625692, at *5 (D. Hawai`i Sept. 30, 2011) (stating that the Court will use the lodestar method as a guide to review the agreed upon attorneys' fees in a Fair Labor Standards Act settlement for reasonableness); Shea v. Kahuku Hous. Found., Inc., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150, at *6 (D. Hawai`i Mar. 31, 2011) (citation omitted) (using the lodestar analysis as a guide to evaluate the reasonableness of the agreed upon attorneys' fees in a settlement of action pursuant to Rule 23(h)).

If Plaintiffs' counsel calculated their attorneys' fees according to the lodestar analysis, the fees would be as follows for work attributable to the instant case in particular:

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Shannon Liss-Riordan | $350 | 19.0 | $ 6,650.00 |
| Harold L. Lichten | $350 | 3.3 | $ 1,155.00 |
| Ian Russell | $150 | 3.5 | $   525.00 |
| Brant Casavant | $150 | 2.0 | $   300.00 |
| Paralegals (primarily Alisha Ripley) | $ 75 | 8.0 | $   600.00 |
| Ashley Ikeda & Lori Aquino | $350 | 5.0 | $ 1,750.00 |
| | | **Total** | **$10,980.00** |

[Motion, Exh. B (Decl. of Shannon Liss-Riordan, Esq. ("Liss-

Riordan Decl.")), at ¶¶ 16-17 & spreadsheet attached thereto; 10/31/11 Suppl., Exh. 1.]

In addition, Plaintiffs' counsel, Lichten & Liss-Riordan, P.C., incurred the following fees working on all of the related cases as a whole:

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Shannon Liss-Riordan | $350 | 400.0 | $140,000.00 |
| Harold L. Lichten | $350 | 367.5 | $128,625.00 |
| Ian Russell | $150 | 298.53 | $ 44,780.00 |
| Brant Casavant | $150 | 19.2 | $  2,880.00 |
| Sara Smolik | $150 | 19.35 | $  2,903.00 |
| Alex Sugarman-Brozan | $150 | 2.7 | $    405.00 |
| Sarah Getchell | $150 | 22.5 | $  3,375.00 |
| Steven Young | $150 | 12.1 | $  1,815.00 |
| | | **Total** | **$324,783.00** |

[10/31/11 Suppl., Exh. 2, Exh. 3 (Decl. of Shannon Liss-Riordan, Esq. ("10/31/11 Liss-Riordan Decl.")) at ¶¶ 4-8.]

Plaintiffs' counsel, Weinberg, Roger & Rosenfeld, incurred the following fees working on all of the related cases as a whole:

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Ashley Ikeda | $275 | 15.64 | $ 4,301.00 |
| Lori K. Aquino | $275 | 19.79 | $ 5,442.25 |
| David A. Rosenfeld | $275 | 1.51 | $   415.25 |
| Judy Castillo (paralegal) | $125 | 1.0 | $   125.00 |
| Eleanor Natwick (paralegal) | $125 | 1.0 | $   125.00 |
| TRO (unidentified paralegal) | $125 | 0.3 | $    37.50 |
| | | **Total** | **$10,446.00** |

[10/31/11 Suppl., Exh. 4 (Decl. of Ashley K. Ikeda in Supp. of Pltfs.' Motion for Final Approval of Class Action Settlement ("10/31/11 Ikeda Decl.")) at ¶¶ 4-6, Exh. A thereto.]

Ms. Liss-Riordan graduated from law school in 1996 and

has "achieved significant successes developing the law protecting tipped employees." [Liss-Riordan Decl. at ¶¶ 2, 4.] Mr. Lichten graduated law school in 1977. [Id. at ¶ 10.] Mr. Russell, Mr. Casavant, and Ms. Getchell graduated from law school in 2008. [10/31/11 Liss-Riordan Decl. at ¶¶ 3-4, 7.] Ms. Smolik and Mr. Young both graduated from law school in 2004, and Mr. Sugarman-Brozan graduated from law school in 2001. [Id. at ¶¶ 5-6, 8.]

Mr. Ikeda and Ms. Aquino have been practicing law in this district since 1981 and 1985, respectively, and Mr. Rosenfeld has been practicing law for more than thirty years. [10/31/11 Ikeda Decl. at ¶¶ 4-5.] Ms. Castillo and Ms. Natwick are paralegals in Weinberg, Roger & Rosenfeld's Alameda, California office. [Id. at ¶ 6.] Based on the hourly rate, the identified person "TRO" is presumably also a paralegal in the Alameda office.

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). Under the lodestar method, this Court must generally award out-of-state counsel attorneys' fees according to the prevailing market rates in Hawai`i. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on

11

denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). Plaintiffs' counsel acknowledge this principle and have applied "the local rate of $350 per hour to top attorneys and $150 for associates[.]" [Liss-Riordan Decl. at ¶ 14.]

### 1. **Lichten & Liss-Riordan, P.C.**

This Court finds that the hourly rates for Mr. Lichten, Mr. Russell, Mr. Casavant, Ms. Smolik, Mr. Sugarman-Brozan, Ms. Getchell, Mr. Young, and the paralegals are manifestly reasonable.

Ms. Liss-Riordan, however, has only been practicing law since 1996 and therefore does not warrant the same hourly rate as Mr. Lichten, who has almost twenty years more experience than she has. See, e.g., Shea, 2011 WL 1261150, at *6-7 (finding $350 per hour to be manifestly reasonable for Paul Alston, Esq., who has approximately forty years of litigation experience). A reasonable hourly rate for Ms. Liss-Riordan is $240, comparable to that of Jason Kim, Esq., see id., who has been practicing law since 1998.

### 2. **Weinberg, Roger & Rosenfeld**

The Court finds that the hourly rates for local counsel, Mr. Ikeda, Ms. Aquino, and Mr. Rosenfeld are manifestly

reasonable.[2] The hourly rates for the paralegals, however, are excessive. See Donkerbrook v. Title Guar. Escrow Servs., Inc., Civil No. 10-00616 LEK-RLP, 2011 WL 3649539, at *7 (D. Hawai`i Aug. 18, 2011) (noting that $85 is "on the high end of the range of hourly rates for paralegals in Hawai`i" (citing Shea, 2011 WL 1261150, at *6-7 (awarding $75 for paralegals); Ko Olina Dev., LLC v. Centex Homes, Civil No. 09-00272 DAE-LEK, 2010 WL 3853251, at *2 (D. Hawai`i Sept. 27, 2010) (awarding $85 per hour for a paralegal with over thirty years of litigation experience))). Plaintiffs have not presented any evidence that the Weinberg, Roger & Rosenfeld paralegals have special qualifications that would warrant a rate on the high end of paralegal rates in Hawai`i. The Court therefore finds that $75, or the same rate noted for the Lichten & Liss-Riordan, P.C. paralegals, is a reasonable hourly rate for the Weinberg, Roger & Rosenfeld paralegals.

**B.  Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona

---

[2] The Court notes that, to the extent that Ms. Liss-Riordan represented that Mr. Ikeda's and Ms. Aquino's hourly rate was $350, [Liss-Riordan Decl., spreadsheet attached thereto,] the calculation of the fees incurred specifically in this action will be adjusted.

13

v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Under the traditional lodestar analysis, this Court would apply various deductions, such as for unnecessarily duplicative tasks and clerical items.  Insofar as this Court is only using the lodestar analysis as a guide in this case and this Court has already applied reductions to some of counsel's hourly rates, this Court will not apply its standard deductions to the number of counsel's hours.  The Court finds that, for purposes of the instant Motion, the hours that Plaintiffs' counsel incurred in this case would be compensable under the lodestar analysis.

**C.   Summary of Lodestar Comparison**

Thus, if the Court was to award lodestar fees to Plaintiffs' counsel in the instant case, the fee for work

14

attributable specifically to this case would be:

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Shannon Liss-Riordan | $240 | 19.0 | $4,560.00 |
| Harold Lichten | $350 | 3.3 | $1,155.00 |
| Ian Russell | $150 | 3.5 | $ 525.00 |
| Brant Casavant | $150 | 2.0 | $ 300.00 |
| Paralegals (primarily Alisha Ripley) | $ 75 | 8.0 | $ 600.00 |
| Ashley Ikeda & Lori Aquino | $275 | 5.0 | $1,375.00 |
| | | **Total** | **$8,515.00** |

In addition, a portion of counsel's fees attributable to the work on all of the related cases as a whole would also be compensable:

**Lichten & Liss-Riordan, P.C.**

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Shannon Liss-Riordan | $240 | 400.0 | $ 96,000.00 |
| Harold L. Lichten | $350 | 367.5 | $128,625.00 |
| Ian Russell | $150 | 298.53 | $ 44,780.00 |
| Brant Casavant | $150 | 19.2 | $ 2,880.00 |
| Sara Smolik | $150 | 19.35 | $ 2,903.00 |
| Alex Sugarman-Brozan | $150 | 2.7 | $ 405.00 |
| Sarah Getchell | $150 | 22.5 | $ 3,375.00 |
| Steven Young | $150 | 12.1 | $ 1,815.00 |
| | | **Total** | **$280,783.00** |

**Weinberg, Roger & Rosenfeld**

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| Ashley Ikeda | $275 | 15.64 | $ 4,301.00 |
| Lori K. Aquino | $275 | 19.79 | $ 5,442.25 |
| David A. Rosenfeld | $275 | 1.51 | $ 415.25 |
| Judy Castillo (paralegal) | $ 75 | 1.0 | $ 75.00 |
| Eleanor Natwick (paralegal) | $ 75 | 1.0 | $ 75.00 |
| TRO (unidentified para.) | $ 75 | 0.3 | $ 22.50 |
| | | **Total** | **$10,331.00** |

Plaintiffs' counsel incurred a total of $291,114.00 in attorneys' fees on work attributable to all of the related cases as a whole. Insofar as counsel worked on seven related cases during the time period in question, this Court attributes one-seventh of

15

counsel's fees to this case, for a total of $41,587.74.

Based on the Court's review of the amounts that it would award Plaintiffs under a traditional lodestar analysis, this Court FINDS that the proposed allocation of $30,000.00 of the settlement amount for an award of Plaintiffs' attorneys' fees and expenses is reasonable.

## **FINAL APPROVAL OF SETTLEMENT**

Federal Rule of Civil Procedure 23(e) states, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> . . . .
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

"The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their

rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

The Court must examine the parties' settlement as a whole for overall fairness. The Court must approve or reject the settlement in this case in its entirety; the Court cannot alter certain provisions. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court must balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citations omitted).

The Court has already evaluated the proposed settlement and found it to be "fair and reasonable" as required by Fed. R. Civ. P. Rule 23(e). [Prelim. Approval Order at 3.] The Court reaffirms that finding here.

Despite being duly notified of the settlement, no Class member has submitted objections to the settlement, and no Class member appeared at the final fairness hearing to object to the settlement. Finally, Plaintiffs have presented evidence that no Class member has requested exclusion from the Class. The Court therefore FINDS that no Class member objects to this settlement,

and that this is further support for the Court's conclusion that the settlement is fair and reasonable.

### CONCLUSION

In light of the foregoing, the Court ORDERS as follows:

1. The Court FINDS that the requirements of Federal Rules of Civil Procedure Rule 23(e) have been satisfied and that the Settlement Agreement is fair, reasonable, and adequate.

2. The Court therefore GRANTS final approval of the settlement and GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement, filed on October 3, 2011.

3. The Court ORDERS the parties to implement the terms of the settlement.

4. The Court DIRECTS Plaintiffs' counsel to make additional reasonable efforts to further contact any Class member who did not submit a claim form in response to the Class notices, and whose estimated claim under the Settlement Agreement exceeds $200.

5. Within sixty (60) days after the payment of the Class members' distribution payments, Plaintiffs' counsel shall file a report showing the distribution of the settlement amount.

6. Upon receipt of such report and approval by the Court and the settling parties, this Court will dismiss Plaintiffs' claims against Defendant with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 29, 2011.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TIMOTHY LARA, ET AL. V. RENAISSANCE HOTEL OPERATING CO.; CIVIL NO. 08-00560 LEK-RLP; ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**